Kimbra TROUT, Plaintiff–Appellant,

v.

William A. HALTER,* Commissioner,
Social Security Administration,
Defendant–Appellee.

No. 99–36117.
D.C. No. CV–98–06351–KI.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2001.**

Decided March 12, 2001.

Before T.G. NELSON, GRABER, and
RAWLINSON, Circuit Judges.

---

* William A. Halter is substituted for his predecessor, Kenneth S. Apfel, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Disability claimant Kimbra Trout appeals the Commissioner's determination, which the district court affirmed, that she was not disabled during the relevant period. Because the decision is supported by substantial evidence and is free of legal error, we affirm.

A. *Symptom Testimony*

Claimant first argues that the Administrative Law Judge (ALJ), whose decision the Commissioner and district court affirmed, improperly rejected her testimony about the severity of her symptoms. Her argument is unavailing for two reasons.

First, no matter how genuine Claimant's complaints were, she cannot prove the existence of an impairment by symptom testimony alone. S.S.R. 96–4p; 1996 WL 374187, at *1–*2 (S.S.R.). Second, the ALJ's finding that Claimant's testimony of disabling dizziness was not credible is supported by clear and convincing reasons in the record. The ALJ relied on (1) Claimant's ability to ride horses and compete in barrel-racing competitions at rodeos; (2) her ability to perform household chores, drive, attend college regularly, and work as a respiratory therapist part-time; (3) her inconsistent statements about the reasons why that employment ended; and (4) her inconsistency in seeking treatment for dizziness and in following a recommended program of physical therapy.

B. *Medical Evidence*

Claimant also argues that the ALJ improperly discounted the medical opinions of Drs. Heerema, Spangler, and Koors. We are not persuaded.

The ALJ provided clear and convincing reasons, supported in the record, for rejecting Dr. Heerema's diagnosis of "sea-sick syndrome": (1) The diagnosis was based in part on a belief that Drs. Conway, Gillilan, and Goins agreed with the diagnosis, but none of them did. (2) Dr. Heerema is a general practitioner, making specialists' opinions more weighty in a specialized area. (3) His opinion conflicted with the objective evidence showing that Claimant suffered from no discernible abnormality. (4) His opinion was based on Claimant's subjective statements alone, unsupported by any medical sign or laboratory finding.

The ALJ properly discounted Dr. Spangler's diagnosis because it was not supported by objective evidence. Dr. Spangler stated that he found "no related disease" when he examined Claimant; he relied solely on her subjective complaints.

Finally, the ALJ was not required to consider Dr. Koors' opinion as evidence of the *existence* of an impairment, because Dr. Koors is a chiropractor. 20 C.F.R. § 404.1513(a). Even if that opinion were entitled to weight, the ALJ properly rejected it for the reasons that he gave: (1) treatment of dizziness is not within a chiropractor's area of expertise, and (2) the weight of the evidence rested with the specialists, whose diagnoses were only speculative.

C. *Conclusion*

Substantial evidence supports the ALJ's finding, at Step 2 of the sequential evaluation, that Claimant was not disabled: (1) The physical and neurological examinations and laboratory tests showed no impairment. (2) The specialists acknowledged that their diagnoses of "sea-sick

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**742**

syndrome" or visual dependence for balance were conjectural. (3) The diagnoses were based on Claimant's subjective complaints and not on objective findings. (4) A medical expert who reviewed all the medical evidence testified that there was no objective medical evidence of an impairment, but only "purely subjective" evidence.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.